U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAFAYETTE

NOV 29 2012

TONY R. MOORE, CLERK
BY _____
       DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Etienne

versus

Spanish Lake Truck & Casino Plaza LLC

Civil Action 11-00213

Judge Richard T. Haik, Sr.

Magistrate Judge C. Michael Hill

## ORDER

Before the Court is a Motion For New Trial filed by plaintiff, Esma L. Etienne, [Rec. Doc. 42] pursuant to Federal Rule of Civil Procedure 59, moving the Court to reconsider its October 31, 2012 Judgment on defendant's motion for summary judgment. Etienne contends that "summary judgment in defendant's favor is contrary to the evidence when the *entire* administrative record is taken into account." *R. 42.* In that regard, Etienne states that she has now secured her entire testimony from the Office of Worker's Compensation ("OWC") hearing before the Administrative Law Judge ("ALJ") in which she stated that she violated defendant's "no visiting, no chatting" policy. Etienne contends that when her entire testimony is taken into consideration, it is "readily apparent" that during the hearing she was "extremely distraught and perplexed" and, in fact, she did not violate the policy nor did she believe she had done so.

A motion to reconsider a dispositive pretrial motion is analogous to a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), when it

is served within twenty-eight (28) days of the Court's ruling.[1] *See Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir.1990). Because defendant seeks relief from a motion for summary judgment, the Court treats its motion as a motion to alter or amend the summary judgment pursuant to Rule 59(e) rather than a motion for new trial. *See Patin v. Allied Signal, Inc.*, 77 F.3d 782, 784, n. 1 (5th Cir.1996) (considering motion for new trial as a Rule 59(e) motion to reconsider entry of summary judgment). Rule 59(e) affords the Court significant discretion when deciding whether to alter or amend its judgment. *Lavespere* at 174. While Rule 59(e) does not set forth any specific grounds for relief, courts have generally considered four factors: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or fact upon which the judgment is based; or (4) prevent manifest injustice. *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).

Etienne does not present any newly discovered evidence, rather she argues that the complete transcript of her testimony shows that she was "extremely distraught and perplexed" during the OWC hearing. She contends that by reading the entire transcript the Court will find that she did not violate the policy, just as the ALJ concluded. In its ruling, however, the Court considered the ALJ's Opinion which found that defendant failed to prove that Etienne was not "insubordinate in her actions" nor that her "separation, at the time it occurred, was for an act or acts which

---

[1] "[T]he former 10–day period [for post-judgment motions under Rule 59 is] expanded to 28 days." *See* Fed.R.Civ.P. 59 advisory committee's note.

would indicate a disregard for the employer's best interest." Thus, the Court finds that Etienne has failed to raise any ground upon which its motion should be granted.

Accordingly,

**IT IS ORDERED** that the Motion For New Trial filed by plaintiff, Esma L. Etienne, [Rec. Doc. 42] is **DENIED**.

**THUS DONE AND SIGNED** this 29th day of November, 2012 at Lafayette, Louisiana.

_____
Richard T. Haik, Sr.
United States District Judge