U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED  LAFAYETTE

DEC 1 1 2013

Etienne
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

versus

Spanish Lake Truck & Casino
Plaza, LLC

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE  DIVISION**

Civil Action No. 11-00213

Judge Richard T. Haik, Sr.

Magistrate Judge C. Michael Hill

## MEMORANDUM RULING

Before the Court is a Motion For Summary Judgment filed by defendant Spanish Lake Truck & Casino Plaza, LLC [Rec. Doc.  24], plaintiff, Esma Etienne's, Opposition thereto [Rec. Doc. 31] and defendant's Reply [Rec. Doc. 33].

Plaintiff, Esma Etienne, an African-American female, was employed by Defendant, Spanish Lake Truck & Casino Plaza  (referred to as "Spanish Lake" or "the Casino") as a casino waitress and bartender until her termination on November 3, 2009.  Plaintiff was supervised by the Casino's general manager, Bernard Terradot, who was responsible for promulgating policies and procedures governing the workplace.

In January 2009, a manager at Spanish Lake, Jeannene Johnson, an African-American female, resigned her position, creating a job opening for a Night Manager. Bernard Terradot did not offer the position to plaintiff but instead recruited Elkie David, a Caucasian female, and former Spanish Lake employee who was then employed by a competitor to Spanish Lake.  David had worked about two years at the Casino—less seniority than plaintiff and several of the other employees, and had been trained by plaintiff when she was hired as a waitress/bartender.   David left the Casino because of a conflict with Johnson, the former Night Manager.  *R. 31, Exh. E, David Depo., pp. 81-84.*

After learning of David's hiring, plaintiff contacted Terradot several times, contending that she should have been given the position rather than David.  Terradot told Etienne that she should "suck it up and move on."  Thereafter, plaintiff filed her first charge

of discrimination with the EEOC on October 15, 2009, alleging that on January 19, 2009, she was discriminated against and harassed on the basis of her race when she "was not offered a management position and subjected to harassment on the job....   In that a previous Caucasian co-worker, Elkie David, was less qualified but was selected...."

Around the time that David was hired, Terradot issued a new "no visiting-no chatting" policy that barred employees from having conversations longer than five or ten minutes in length while working. Plaintiff repeatedly violated the policy and received both verbal and written warnings.  In testimony during an unemployment compensation proceeding following her termination, plaintiff admitted to violating the policy "on a regular basis."  Plaintiff also acknowledged that she and David historically had "friction" and that she "copped a little attitude" when David was hired.

On November 23, 2009, plaintiff was terminated from employment for "misconduct and insubordination," due to her continued violations of the no visiting–no chatting policy.

 On May 13, 2010 plaintiff filed a second EEOC Charge alleging that she was "discharged in retaliation for filing a [October 2009] charge of discrimination...."

Plaintiff filed this action on January 11, 2011 in the 16th Judicial District Court, Iberia Parish, Louisiana, asserting causes of action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. and the Louisiana Employment Discrimination Laws, La. R.S. 23:301 *et seq*. for racial discrimination and retaliation.  *R. 1, 6.*  The case was removed to this Court on February 7, 2011.  *R. 1.*  On October 18, 2012, the Court conducted oral argument on defendant's motion for summary judgment.  *R. 39*  Both parties were represented by counsel and argued their positions.  *Id.* The Court granted defendant's motion and dismissed all of plaintiff's claims.  *R. 41.*  Plaintiff filed an appeal with the Fifth Circuit and a mandate issued on November 13, 2013.  The appellate court affirmed the Court's judgment as to

**2**

plaintiff's retaliation claim but vacated the Court's judgment with respect to the racial discrimination/failure to promote claim, remanding to the Court for further proceedings–to provide reasons for its ruling. Accordingly, the Court issues this memorandum ruling and judgment on plaintiff's remaining claim.

### Summary Judgment Standard

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56©; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–323 (1986). A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir.1990). The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *Id.* The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See Celotex*, 477 U.S. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1996).

In an employment discrimination case, the Court must "focus on whether a genuine issue exists as to whether the defendant intentionally discriminated against the plaintiff." *LaPierre v. Benson Nissan, Inc.*, 86 F.3d 444, 447–48 (5th Cir.1996). The Court "must draw

all reasonable inferences in favor of the nonmoving party, and [the Court] may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000). "[C]onclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden in a motion for summary judgment." *Jordan v. Cleco Corp.*, 2013 WL 673438 (W.D.La. Feb. 22, 2013) (citing *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir.2002)).

*Analysis*

To avoid summary judgment on her failure to promote claim, plaintiff must first establish a prima facie case by showing that (1) she was not selected for the more favorable position, (2) she applied for and was qualified for the position, (3) she was within a protected class at the time of the failure to promote, and (4) the defendant either promoted someone outside of that protected class or otherwise failed to promote the plaintiff because of her race. *See Autry v. Fort Bend Indep. Sch. Dist.*, 704 F.3d 344, 346–47 (5th Cir.2013). "A plaintiff relying on circumstantial evidence must put forth a prima facie case, at which point the burden shifts to the employer to provide a legitimate, non-discriminatory reason for the employment decision." *Berquist v. Wash. Mut. Bank*, 500 F.3d 344, 349 (5th Cir.2007).

In support of her claim, plaintiff contends that her performance while she was employed at the Casino exceeded the expectations of management and the requirements for the position she held–a waitress and bartender. *R. 31-2, 31-3*. She further contends she had been employed at the Casino longer than Davis and therefore had more seniority, and she trained Davis when she was initially hired as a waitress and bartender. *R. 31-2*. Plaintiff cites the affidavit of Johnson, which states, "Bernard Terradot would not allow a dark skinned black person [*sic*] handle any money" and "Bernard Terradot determined the duties and responsibilities of a potential employee based on the color of their skin." *R. 31-3*.

4

Regarding plaintiff's assertion that she was more qualified for the Casino manager position than Davis, the Fifth Circuit has held that "[t]o establish a fact question as to relative qualifications, a plaintiff must provide sufficiently specific reasons for [her] opinion; mere subjective speculation will not suffice." *Nichols v. Loral Vought Systems Corp.*, 81 F.3d 38, 41 (5th Cir.1996). Further, "in order to establish pretext by showing the losing candidate has superior qualifications, the losing candidate's qualifications must 'leap from the record and cry out to all who would listen that [she] was vastly—or even clearly—more qualified for the subject job." *Price v. Federal Express Corp.*, 283 F.3d 715, 723 (5th Cir.2002).

Defendant asserts that "the singular most important material fact in this case, that plaintiff was not qualified for the position for which Ms. Davis was hired" is not disputed by plaintiff. The Court agrees. Plaintiff has not raised a fact issue that she was clearly better qualified for the position in issue. Indeed, plaintiff argues only that she had more seniority than Davis. The Fifth Circuit has rejected the idea that experience is a proxy for "better qualified." *See Nichols*, 81 F.3d at 41 ("This Court has repeatedly said that an attempt to equate years served with qualifications ... [is] unpersuasive."). It is undisputed that prior to Davis' rehire, plaintiff never sought to be trained on the operations of the Casino or on employment responsibilities associated with Casino manager and that she never sought promotion of any kind, made an inquiry as to a promotion or expressed interest in a manager's position. *R. 24-7, Aff. Of Bernard Terradot*. The record indicates that Davis, on the other hand, worked at the competitor's casino for approximately one year where she received training in casino-related areas including, "drops and cash collections, how to verify money in machines how to check on customer's questions regarding tickets, and how to use the hard meters to verify any inconsistencies pertaining to the use of the video poker machines" as well as "operation, diagnosis, and management of all video poker machines."

5

*R. 33-5, Aff. Of Elwell.*

Moreover, contrary to Jeannene Johnson's affidavit that Terradot gave promotions based on the color or darkness of skin, implying that African Americans did not receive managerial positions, the record indicates that prior to Davis' rehire, the Casino had six management positions, five of which were filled by African-Americans and one by a Caucasian. Following Davis' rehire, the 5:1 ratio of African-Americans to Caucasian managers became 4:2. *R. 24-7, Aff. Of Bernard Terradot.*

The Court finds there is no evidence that plaintiff applied for or that she was qualified for the position of Manager in order to satisfy her prima facie case. Even assuming *arguendo* that plaintiff had established a prima facie case, the Court further finds that plaintiff has failed to create a triable issue that defendant's proffered explanation is a pretext because of her qualifications or that race played any part in defendant's hiring decision.[1]

### Conclusion

Based on the foregoing, the Court will grant defendant's motion for summary judgment as to plaintiff's failure to promote claim under Title VII and the Louisiana Employment Discrimination law.

Richard T. Haik, Sr.
U.S. District Judge

---

[1] If the plaintiff establishes a prima facie case, the burden shifts to the defendant to rebut that presumption by articulating a legitimate, nondiscriminatory reason for the challenged employment action. *See Price v. Federal Express Corp.*, 283 F.3d 715, 720 (5th Cir.2002). On summary judgment, the plaintiff must substantiate her claim of pretext through evidence demonstrating that discrimination lay at the heart of the employer's decision. *Id.*